**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **CYPRIAN AKAMNONU, ID # 44134-177,** )<br>Movant, )<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>Respondent. ) | **No. 3:15-CV-0446-L-BH**<br>**No. 3:12-CR-054-L (04)**<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this habeas case has been referred for findings, conclusions and recommendation. Before the Court is *Movant's Motion to Withdraw and or a Voluntary Dismissal Pursuant to Fed. R. Civ. Pro. 41(a)(1)*, received August 6, 2015 (doc. 7). Based on the relevant filings and applicable law, the motion should be **GRANTED.**

**I.  BACKGROUND**

Cyprian Akamnonu(Movant), a federal prisoner, filed a motion to vacate under 28 U.S.C. § 2255 challenging his federal conviction and sentences in case No. 3:12-CR-54-L that was received on February 9, 2015.  (*See* doc. 2.) The respondent is the United States of America (Government). (*Id.*)  By order dated February 17, 2015, the Government was ordered to respond to the motion, and it filed an answer on April 17, 2015.  (*See* docs. 3, 5.)  Movant filed a reply to the response that was received on May 21, 2015. (*See* doc. 6.)  After the briefing was complete, Movant filed his motion seeking to voluntarily dismiss his pending § 2255 motion.  (*See* doc. 7.)  He contends that a jail house lawyer "erroneously and improvidently filed his" motion, and he "would like to seek counsel for advice on whether he actually has an issue worthy of the extraordinary remedy of § 2255."  (*Id.* at 1.) The Government does not oppose the voluntary dismissal.  (*See* doc. 8.)

## II. ANALYSIS

Movant seeks to voluntarily dismiss this action under Fed. R. Civ. P. 41(a)(1).

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a plaintiff may dismiss his action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. This right to voluntarily dismiss an action before the filing of an answer or summary judgment motion is "absolute and unconditional" and may not be "extinguished or circumscribed by adversary or court." *International Driver Training Inc. v. J-BJRD Inc.*, 202 Fed. App'x 714, 715-16 (5th Cir. Oct. 16, 2006), quoting 8 James W. Moore et al., Moore's Federal Practice, § 41.33[2], at 41-48 (Matthew Bender 3d ed. 2006) and *Am. Cyanamid Co. v. McGhee*, 317 F. 2d 295, 297 (5th Cir. 1963). A notice of voluntary dismissal under this rule is "self-executing", and no further court action is required. *Id.*

Here, the Government has filed an answer to the motion to vacate. Once the opposing party serves either an answer or a motion for summary judgment, the moving party may only voluntarily dismiss his action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). If the opposing party does not consent to the voluntary dismissal, an action may be dismissed only by court order on terms it considers proper. Fed. R. Civ. P. 41(a)(2); *In re FEMA Trailer Formaldahyde Products Liability*, 628 F.3d 157 (5th Cir. 2010); *Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The decision regarding whether an action should be dismissed under Rule 41(a)(2) is within the sound discretion of the court. *Schwarz v. Folloder*, 767 F.2d 125,129 (5th Cir. 1985) (citing, *La-Tex Supply Co. v. Fruehauf Trailer Division*, 444 F.2d 1366, 1368 (5th Cir. 1971)).

On August 21, 2015, the Government filed its response to the motion for voluntarily dismissal, stating that it consents to voluntary dismissal of the § 2255 motion under Fed. R. Civ. 41(a)(1)(A)(ii). Stipulated dismissals under Fed. R. Civ. 41(a)(1)(A)(ii) "require no judicial action or approval and are effective automatically upon filing." *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013); *see also SmallBizPros, Inc. v. MacDonald,* 618 F. 3d 458, 461-64 (5th Cir. 2010). Accordingly, the motion to withdraw or dismiss should be granted.

Movant should be cautioned, however, that 28 U.S.C. § 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).[1] Any future § 2255 motion may be barred by the statute of limitations if he chooses to voluntarily dismiss his current motion.

### III. RECOMMENDATION

Movant's motion to withdraw and/or voluntarily dismiss his motion to vacate sentence under 28 U.S.C. § 2255, received August 6, 2015 (doc. 7), should be **GRANTED**, unless he objects to this

---

[1] It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3

recommendation and seeks to proceed with his current § 2255 motion within the fourteen-day objection period, or by some other deadline set by the court.

**SIGNED** this 5th day of January, 2016.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE